UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZSOLT SUFRANSZKI,

       Petitioner,

   v.                            Case No.:  2:26-cv-01471-SPC-NPM

SOUTH FLORIDA DETENTION
FACILITY,

       Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Zsolt Sufranszki's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).  For the below reasons, the Court grants the petition.

Sufranszki is a native of Hungary who entered the United States on a nonimmigrant B2 visa on October 8, 1999, and remained past the authorized time period.  The Department of Homeland Security ("DHS") commenced removal proceedings by issuing a notice to appear on June 24, 2017, and later released Sufranszki on bond.  On February 12, 2025, an immigration judge granted Sufranszki voluntary departure and ordered him to provide DHS travel documents within 60 days.  Sufranszki did not depart, so the voluntary departure order converted to a final order of removal.  On January 24, 2026, local law enforcement arrested Sufranszki during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE").  He is currently

detained at Alligator Alcatraz.  Sufranszki claims his detention violates his constitutional right to due process because he has not had a meaningful opportunity to challenge detention.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Sufranszki's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions gave Sufranszki no opportunity to contest the reasonableness of his detention. ICE did not give Sufranszki notice of the reason for his detention or an opportunity to address it. What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.4(l), the regulation governing revocation of release. The safeguards include contemporaneous notice of the reason for revocation and a prompt informal interview to address the reason. Neither occurred here. Without notice and an interview, there is nothing to ensure immigration detention serves is statutory purposes and is used in accordance with the laws enacted by Congress. Third, while the government has a legitimate interest in executing removal orders, providing Sufranszki the notice and informal interview required by § 241.4(l) would not have hindered that interest in any way.

For these reasons, the Court finds that ICE violated Sufranszki's Fifth Amendment rights by detaining him without process.

Accordingly, it is hereby

**ORDERED:**

Zsolt Sufranszki's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Sufranszki within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record